# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>JASON KELLY,<br><br>      Debtor. | Case No. A11-00295-GS<br><br>Chapter 7 |
| SHARA KELLY,<br><br>      Plaintiff,<br><br>  v.<br><br>JASON KELLY,<br><br>      Defendant. | Adv. No. A13-90013-GS |

### MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In a pre-petition divorce proceeding,[1] Ms. Kelly was awarded a total of $12,602.72 against defendant Jason D. Kelly, representing an equalization payment and an award of attorney fees (the "Judgment Debt"). After entry of the Judgment Debt, Mr. Kelly filed his bankruptcy. He received a chapter 7 discharge on August 10, 2011.[2]

After the bankruptcy case was closed, Ms. Kelly tried, without success, to collect the Judgment Debt from Mr. Kelly. On March 22, 2013, her counsel filed an *Application for Order Holding Defendant in Contempt of Court*, requesting that Jason Kelly's counsel be held in contempt for misrepresenting to the court that the Judgment Debt had been

---

[1] *Kelly v. Kelly*, Case No. 3PA-09-01119 CI.

[2] *Discharge of Debtor*, entered Aug. 10, 2011 in *In re Kelly*, Main Case No. A11-00295 (Docket No. 16).

discharged, and for an order requiring Mr. Kelly pay the Judgment Debt within 15 days.[3] Although the issue in the divorce action was whether Mr. Kelly could be held in contempt of court, the state court entered two orders which indicated that the Judgment Debt had been discharged in Mr. Kelly's bankruptcy.[4] The *Order Denying Plaintiff's Motion for Reconsideration* summarizes the procedural history of the matter:

> On March 22, 2013, the plaintiff filed an Application for Order Holding Defendant in Contempt of Court arguing that defendant, through his attorney, made misrepresentations to the court in violation of the Alaska Rules of Professional Conduct. The court denied the plaintiff's motion on May 24, 2013, because contempt is an inappropriate remedy for violation of the Alaska Rules of Professional Conduct, and because the defendant did not make misrepresentations to the court.
>
> The plaintiff filed a Motion for Reconsideration on May 31, 2013. In that motion, the plaintiff emphasized that the defendant's debts were not dischargeable under the 2005 amendments to the United States Bankruptcy Code. She argued that the previously denied contempt motion was "to hold Defendant Jason Kelly in contempt of court for failing to pay his property settlement equalization payment," and "for entry of an order that would compel Mr [sic] Kelly to pay up" due to his "willful [sic] violation" of the property settlement order.[5]

Ms. Kelly commenced this adversary proceeding in response to the state court's decisions. Her complaint alleges that Mr. Kelly's divorce attorneys "repetitively represented" to the state court that the Judgement Debt had been discharged in Mr. Kelly's

---

[3] *Application for Order Holding Defendant in Contempt of Court* (copy attached to the *Aff. of Ronald Offret* (Docket No. 21) at 3-6).

[4] The first was an *Order Denying Plaintiff's Application for Order Holding Defendant in Contempt of Court* (copy attached to the *Aff. of Ronald Offret* (Docket No. 21) at 7-12), and the second was an *Order Denying Plaintiff's Motion for Reconsideration* (copy attached to the plaintiff's *Complaint* (Docket No. 1), as Ex. A).

[5] *Order Denying Plaintiff's Motion for Reconsideration* (Docket No. 1, Ex. A at 1-2).

2

bankruptcy, that the attorneys' statements convinced the state court that the Judgment Debt had been discharged, and that the state court "appears" to have "been misled and has mistaken the effect of the generic official discharge order form and has assumed that such discharge order acts to discharge all debts."[6] She alleges that the adversary proceeding was necessary because the state court had been convinced that the Judgment Debt was discharged. She seeks a determination that the Judgment Debt is nondischargeable under 11 U.S.C. § 523(a)(15), and recovery of the attorney fees and costs she has incurred in obtaining this determination.

Mr. Kelly promptly filed a two-page *Motion to Dismiss Prior to Answer*, which contended that the adversary proceeding was untimely, and "[s]ince the Bankruptcy Court has already declared this type of debt is not discharged, the more proper forum to determine whether this is a debt from a domestic support obligations would be the State Court of Alaska dealing with Divorce issues."[7] Ms. Kelly filed an *Opposition to Motion to Dismiss & Cross Motion for Summary Judgment or for Judgment on the Pleadings*.[8] In the *Cross Motion*, she asked the court to award her $1,500.00 for her fees and costs, though no basis for the award was provided.

The court held a scheduling and planning conference on September 24, 2013, at which the parties discussed the history of the divorce case and identified the substantive issues presented by the *Complaint* and the *Motion to Dismiss*. The court set oral argument on the *Motion to Dismiss* for October 4, 2013, but directed the parties to review Fed. R. Bankr.

---

[6] *Complaint* (Docket No. 1), ¶¶ 8, 10, 12.

[7] *Mot. to Dismiss Prior to Answer* (Docket No. 4) at 1.

[8] Docket No. 5.

3

P. 4007, and to be prepared to discuss jurisdictional issues raised by the state court's rulings in the divorce proceeding.[9]

At oral argument on the *Motion to Dismiss*, counsel for Mr. Kelly withdrew his timeliness argument in light of Rule 4007(b), but continued to argue that the matter should be handled by the state court.[10] On October 15, 2013, this court entered its *Order Denying Motion to Dismiss*,[11] which recognized that Mr. Kelly had abandoned his timeliness argument, and construed the remaining argument, that the matter be left for the state court, as one for abstention. The court denied the *Motion to Dismiss*, directed Mr. Kelly to file an answer, and set a briefing schedule on Ms. Kelly's *Cross Motion for Summary Judgment*.

On October 25, 2013, Mr. Kelly answered the *Complaint*. The *Answer* admits the factual allegations of the *Complaint*, including an admission that Mr. Kelly's divorce attorneys "repetitively represented" to the state court that the Judgment Debt had been discharged in Mr. Kelly's Bankruptcy.[12] The *Answer* also agrees that this court should enter an order that the Judgment Debt is nondischargeable.[13] It denies, however, that

---

[9] *See Order Granting Mot. to Accept Late-Filed Reply Brief, and Continuing Hearing* (Docket No. 14).

[10] On September 16, 2013, prior to the scheduling conference, Mr. Kelly filed his *Mem. in Support of Mot. to Accept Late Filed Reply Brief* (Docket No. 12), in which continued to argue that the adversary action was untimely, and contested the bankruptcy court's jurisdiction to hear the nondischargeability action. *Id*. at 3.

[11] Docket No. 18.

[12] *See Complaint* (Docket No. 1), at ¶ 8; *Answer* (Docket No. 19), at ¶ 8.

[13] *Answer* (Docket No. 19), at 2. Mr. Offret had stated, at the October 4 hearing, that he was "tentatively willing to agree" that the attorney fee component of the Judgment Debt was excepted from discharge under § 523(a)(15). The *Answer* admits that the entirety of the Judgment Debt is excepted from discharge.

4

dischargeablity was the basis for the state court's decisions.[14] Mr. Kelly addressed this point in more detail in his *Response to Plaintiff's Motion for (1) Judgment on the Pleadings, (2) Motion for Summary Judgment, and (3) Motion for Attorneys Fees*.[15] He argues that the state court's confusion regarding the nondischargeability of the Judgment Debt was not the basis for its denial of Ms. Kelly's contempt motion, but rather the court properly held that contempt was not an appropriate remedy for an alleged violation of the Alaska Rules of Professional Conduct.[16] Mr. Kelly also opposes Ms. Kelly's request for an award of fees and costs in the instant action as factually unfounded and legally undefined.

## Analysis

### A.  Nondischargeability of the Judgment Debt.

In his *Answer*, Mr. Kelly has admitted that the entirety of the Judgment Debt, $12,602.72, awarded to Shara Kelly, is nondischargeable under 11 U.S.C. § 523(a)(15) as a debt owed to a former spouse "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record."[17] He has further admitted that this sum represents a property equalization and attorney fees awarded to Ms. Kelly in the divorce proceeding.[18] Because Mr. Kelly's

---

[14] *Id*. at ¶¶ 10, 12.

[15] Docket No. 20.  Consistent with his *Answer*, Mr. Kelly's *Response* does not oppose the entry of a judgment determining that the Judgment Debt is nondischargeable pursuant to § 523(a)(15).

[16] Mr. Kelly makes this argument in opposition to entry of summary judgment. However, it is unclear to which claim it is directed.  Ms. Kelly has sought only to determine that the Judgment Debt was nondischargeable under § 523(a)(15), and fees and costs.  The propriety of the state court's orders are not before this court.

[17] Answer, ¶ 9.

[18] *Id*. at ¶ 5.

5

*Answer* admits the allegations necessary to establish the nondischargeablity of the Judgment Debt, judgment on the pleadings as to this issue is appropriate.[19]

### B. Award of Attorney Fees and Costs.

The plaintiff argues that it was necessary for her to bring this action because the state court determined, on the basis of representations by Mr. Kelly's counsel, that the Judgment Debt had been discharged. Her *Motion* requests an award of $1,500 for attorney fees incurred in bringing the adversary action. However, neither the *Motion*, nor the accompanying *Memorandum of Points & Authorities*, provides any legal authority for such an award. The defendant's *Response* notes this and references the "American Rule," under which parties to litigation must generally bear their own attorney's fees. The *Response* further observes that the plaintiff hasn't alleged any violations of Fed. R. Bankr. P. 9011(b), which would authorize the court to award a reasonable attorney fee as a sanction.

Ms. Kelly first addresses Rule 9011 in her *Reply,* in which she increases the fees and cost sought to a total of $3,693. She contends that Mr. Kelly's continued refusal to recognize that the Judgment Debt had not been discharged, and his *Motion to Dismiss* the instant adversary proceeding, were frivolous in light of the unambiguous clarity of the law. Her *Reply* argues that this court has the authority, under Rule 9011(c) and 11 U.S.C. § 105(a), to award the fees and costs she has incurred in this action.

---

[19] Fed. R. Civ. P. 12(c), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b). The same result would occur under the plaintiff's alternative *Motion for Summary Judgment*. Both parties have submitted documents from the state court divorce proceeding. Ms. Kelly filed a copy of the *Divorce Decree*, and Mr. Kelly filed the *Order Denying Plaintiff's Application for Order Holding Defendant in Contempt of Court*. Both documents reflect that the Judgment Debt has two parts: an equalization payment of $10,402.72, and an attorney fee award for $2,200.00. At the hearing, the plaintiff's counsel expressed concern that Mr. Kelly would argue that the fee award had been discharged because it was not be encompassed within § 523(a)(15). However, Mr. Kelly's counsel conceded that the entirety of the award was nondischargeable because it was incurred by the debtor in the divorce proceeding.

Under Fed. R. Bankr. P. 9011(b)(2), when Mr. Kelly's counsel filed the *Motion to Dismiss*, he certified that the defenses presented were "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."[20] The *Motion to Dismiss* advanced at least one unsupportable contention – that Ms. Kelly's adversary proceeding was untimely. Such argument is expressly contradicted by the plain language of Fed. R. Bankr. P. 4007(b).[21]

The *Motion to Dimiss* also asserted that "the subject matter is not an issue this court needs to determine."[22] Ms. Kelly construed the statement, and indeed the defense, as a continuation of Mr. Kelly's prior argument in the state court that the Judgment Debt had been discharged. This interpretation, however, is contradicted by the remainder of the *Motion*, which acknowledged that the debt "arose from a Domestic Support Obligation."[23] As a result, the *Motion* actually recognized the nondischargeable nature of the Judgment Debt, and that "the Bankruptcy Court has already declared this type of debt is not discharged."[24] While there is some confusion regarding the scope of the *Motion,* it did not challenge the nondischargeability of the Judgment Debt, but rather sought to have the matter handled in

---

[20] Fed. R. Bank. P. 9011(b)(2).

[21] Fed. R. Bankr. P. 4007(b) provides that: "A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the porupose of filing a complaint to obtain a determination under this rule." Section 523(c) governs the time in which to file an action under 11 U.S.C. §§ 523(a)(2), (4), or (6). Ms. Kelly challenges contends that the Judgment Debt is nondischargeable under § 523(a)(15), bringing the claim under Rule 4007(b).

[22] *Mot. to Dismiss*, Docket No. 4 at 1.

[23] *Id*.

[24] *Id*.

7

state court.[25] This is a significant distinction, as the court itself indicated a concern as to the relationship between the state court proceeding and the nondischargeability action based on the limited recorded presented, and the state court's remarks regarding the nondischargeability of the Judgement Debt.

At the October 4th hearing on the *Motion to Dismiss*, Mr. Kelly's attorney conceded that the present action was timely. While he also agreed that the Judgment Debt was nondischargeable, he qualified this concession with regard to the attorney fee component of the award. During the course of oral argument, he stated that he was "tentatively willing to agree" that the fees would be excepted from discharge under § 523(a)(15). This point was fully conceded in Mr. Kelly's *Answer*, filed on October 25th.

Ms. Kelly contends that had these points not been argued, her attorney would not have had to expend time in opposing the *Motion*, including time to travel from Wasilla, Alaska, to attend two hearings. Instead, a nondischargeability judgment under § 523(a)(15) could have been promptly entered. While this argument is straightforward, it assumes that Mr. Kelly continued to deny the nondischargeability of the Judgment Debt in *this* action. As explained above, he did not. Regardless, this court cannot award the fees Ms. Kelly has requested given the current procedural posture of this case. Certain prerequisites must be satisfied before sanctions can be awarded under Rule 9011(c). A separate motion for sanctions must be filed, which specifically describes the offending conduct.[26] Because Ms.

---

[25] It bears note, however, that the Judgment Debt was not "in the nature of alimony, maintenance, or support," and, therefore was not a domestic support obligation as that term is defined at 11 U.S.C. § 101(14A). Yet, as Mr. Kelly has now conceded, any debt owed to a former spouse "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15).

[26] Fed. R. Bankr. P. 9011(c)(1)(A).

8

Kelly first mentioned Rule 9011(c) in her *Reply*, and has not brought a separate motion, her request for fees is procedurally improper. Further, a party seeking sanctions under Rule 9011(c) must give 21 days prior notice of the request for sanctions to allow the opposing party the opportunity to withdraw the challenged pleading or writing.[27] Such notice was not given here.

Ms. Kelly cites § 105(a) as an alternative basis for a fee award. Bankruptcy courts may award sanctions under its broad provisions,[28] but Rule 9011 applies with more specificity to Mr. Kelly's *Motion to Dismiss,* and specifically to the claims that the legal arguments were frivolous.[29] For this reason, the court finds that Ms. Kelly has not established a basis for awarding fees under § 105(a).

For the reasons stated above, Ms. Kelly's *Motion* will be granted, in part, and denied, in part. She is entitled to a judgment determining that the Judgment Debt of $12,602.72 is excepted from discharge under 11 U.S.C. § 523(a)(15). However, her request for an award of fees and costs will be denied, due to the procedural deficiencies noted above. This is not to say that the court has foreclosed the possibility of a such an award, however. The defendant's *Motion to Dismiss* has raised concerns which the court feels should be addressed and, for this reason, the court will bring an *Order to Show Cause* on its own initiative, under Fed. R. Bankr. P. 9011(c)(2).

---

[27] *Id.*

[28] *Caldwell v. Unified Capital Corp.* (*In re Rainbow Magazine, Inc*.), 77 F.3d 278, 284 (9th Cir. 1996)(Section 105(a) statutorily recognizes inherent power to prevent abuse of process).

[29] *See Rodgers v. EMC Mortgage Corp. (In re Rodgers)*, 2011 WL 410265 (Bankr. W.D. Pa. Sept. 13, 2011)(citing *In re Hill*, 437 B.R. 503, 521 n.21 (Bankr. W.D. Pa. 2010). Courts have repeatedly observed that "§ 105 is not a roving commission to do equity or to do anything inconsistent with the Bankruptcy Code." *Johnson v. TRE Holdings LLC (In re Johnson),* 346 B.R. 190, 196 (B.A.P. 9th Cir. 2006). *See also Lenz v. Auto Acceptance (In re Lenz)*, 448 B.R. 832, 835 (Bankr. D. Or. 2011).

9

An order will be entered accordingly.

DATED:  December 23, 2013.

                                                    BY THE COURT

                                                    /s/ Gary Spraker
                                                   GARY SPRAKER
                                                   United States Bankruptcy Judge

Serve:  J. Carney, Esq.
         R. Offret, Esq.
         Hon. Vanessa White (courtesy copy re Case No. 3PA-09-01119-CI),
            Alaska Superior Court, 435 S. Denali St., Palmer, AK  99645